CASS STUDENT ADVERTISING, INC.,
Plaintiff-Appellee,

v.

NATIONAL EDUCATIONAL ADVER-
TISING SERVICES, INC.,
Defendant-Appellant.

No. 76–1229.

United States Court of Appeals,
Seventh Circuit.

Argued May 27, 1976.

Decided June 8, 1976.*

John T. Cusack, Chicago, Ill., for defend-
ant-appellant.

Jerald P. Esrick, Chicago, Ill., for plain-
tiff-appellee.

Before CLARK, Associate Justice,**
SPRECHER, Circuit Judge, and CAMP-
BELL, Senior District Judge.***

PER CURIAM.

This antitrust action seeking treble dam-
ages, attorney's fees and injunctive relief
was brought by Cass Student Advertising,
Inc., against its only other competitor in the
field of representing college newspapers for
the placement of national advertising, Na-
tional Educational Advertising Services,
Inc. (NEAS). In a prior consideration of
this case, we upheld the district court's
findings of fact, inter alia, that NEAS for
40 years had been the sole firm in the field,
that at the time of suit it controlled 87% of
the college newspaper advertising market
and that it had 894 college newspapers un-

---

* This appeal was originally decided by unreport-
ed order on June 8, 1976. See Circuit Rule 28.
The panel has subsequently decided to issue
the decision as an opinion.

** The Honorable Tom C. Clark, Associate Jus-
tice of the Supreme Court of the United States
(Retired), is sitting by designation.

*** Senior District Judge William J. Campbell of
the Northern District of Illinois is sitting by
designation.

der exclusive representation agreements including almost all of the newspapers from the 100 schools with the largest student enrollments. *Cass Student Advertising, Inc. v. National Educational Advertising Service, Inc.,* 516 F.2d 1092 (7th Cir. 1975). We reversed the judgment of the district court, however, on the ground that the relevant market had been improperly defined. Judge Cummings, writing for the court, held that the relevant market was limited solely to college newspapers and not, as the district court had held, to other forms of the media which reach the college audience.

On remand, the district court applying this relevant market found that the defendant possessed monopoly power in the market, that it wilfully maintained that power with an intent to monopolize, and that provisions of its contracts which established NEAS as an exclusive national advertising representative constituted unlawful restraints of trade. *Cass Student Advertising, Inc. v. National Educational Advertising Service, Inc.,* 407 F.Supp. 520 (N.D.Ill.1976). The district court enjoined NEAS from enforcing these contract provisions and ordered it to affirmatively notify all the newspapers with which it had such agreements that the exclusive representation provisions are null and void. 407 F.Supp. at 524. The court retained the issue of damages for later determination. NEAS appeals from the order finding it a monopolist and enjoining it from using exclusive representation agreements.

We affirm on the basis of our prior opinion in this case, and on the basis of Judge Decker's excellent opinion in the district court which we adopt as our own. Having defined the relevant market as that of "the service of representing college newspapers in the placement of national advertising," 407 F.Supp. at 521, having found that NEAS controlled 87% of the market much of it under exclusive representation agreements and having noted that recently NEAS twice threatened to enforce these agreements, there is little left but to conclude that NEAS monopolized the market. Enjoining the enforcement of these exclusive agreements was an appropriate remedy.

AFFIRMED.